### HARTOG v. LONG et al.
### Patent Appeal No. 2609.

Court of Customs and Patent Appeals.
Feb. 25, 1931.

Wm. L. Symons, of Washington, D. C. (Bacon & Thomas, of Washington, D. C., of counsel), for appellant.

Wm. C. McCoy, of Cleveland, Ohio (Jas. A. Hoffman, of Washington, D. C., and Evans & McCoy, of Cleveland, Ohio, of counsel), for appellees.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This appeal is from a decision of the Board of Appeals in the Patent Office award-

ing priority of invention in a single count to Edward J. Gulick, in which the appellant and Elmer C. Long were parties. From the decision of the Board, Hartog appealed here and Long did not.

The count in issue, which was taken from the Hartog application, is as follows:

"1. A piston comprising a head and body, *internal yielding ribs supporting the head and body,* and means on said ribs adapted to form engaging connection with operable parts for said piston." (Italics appellant's.)

The issue in this case involves the same invention and the same applications and substantially the same question as was involved in Hartog v. Long & Gulick (Cust. & Pat. App., Patent Appeal No. 2608, Interference No. 49,569) 47 F.(2d) 365, and we follow the reasoning of that case in the decision of this one.

The invention relates to an automobile piston, the apron of which is made flexible or resilient in order that it may yield from the pressure occasioned by expansion due to heat. The details of the disclosures need not be repeated here.

This interference originally was between several different parties and progressed in the Patent Office concurrently with Hartog v. Long & Gulick, Interference No. 49,569, supra.

There are but two questions presented: First, had Gulick the right to make the count? Second, is Gulick estopped from making the count of this interference by reason of the decision in Hartog v. Pomeroy, Interference No. 45,351?

The first question is, as found by the board, "the most important point in the whole series of interferences." In determining whether Gulick had the right to make the count, the crux of the whole question is the yieldable feature of the ribs of the two disclosures. In the instant case we think Gulick's disclosure meets the requirement of the claim in the phrase "internal yielding ribs supporting the head and body" for the same reasons that we concluded that his disclosure met the requirements of the phrase "being resiliently yieldable" in the count of the interference No. 49,569, supra. We approve the finding of the Board of Appeals which is expressed in the following language:

"As previously stated, we find nothing in Gulick's file in regard to the question of resiliency. It is perfectly clear, however, that when the piston skirt was a split it was for the purpose of allowing it to yield when the heat caused the piston to expand. If the piston expands and the skirt does not we consider that the support for the skirt must necessarily be resilient and that this is an inherent quality of all pistons of this general nature. We therefore concur in the opinion of the law examiner as referred to in the opinion of the Examiner of Interferences that Gulick has a right to make the count."

The case of Long v. Gulick, 57 App. D. C. 98, 17 F.(2d) 686, decided by the Court of Appeals of the District of Columbia, and referred to by this court in Hertog v. Long & Gulick, Interference No. 49,569, supra, passed upon an issue almost identical with the issue presented here by the first question raised.

As to the second question presented we also agree with the finding of the Board which is expressed in the following language:

"Reference has also been made in the brief to the interference of Hartog v. Pomeroy, No. 45,351, but for reasons discussed in connection with the other interferences to which our attention has been called, we hold that the ruling in that interference is not binding upon us in this appeal. Hartog raises the question of estoppel and refers to prior interferences in which he contends the same parties in interest were involved. We fail to find any proof to substantiate this contention."

Hartog suggests that Gulick cannot make the claim for the reason that he is barred from doing so by reason of the doctrine of equitable estoppel, arising from the fact that there was a community of interest or ownership of the subject-matter of the interference in Hartog v. Pomeroy, supra, and the subject-matter of the interference in the instant case. We find nothing in the record to justify the conclusion that such a community of interest exists as is suggested by appellant.

The Board of Appeals properly awarded priority of invention in the subject-matter of the count involved in this interference to Gulick over Long and Hartog, and affirmatively found that:

"We have carefully considered the decision of the Examiner of Interferences on this point and concur in his decision in holding that the evidence offered did not show conclusively that Long had established a date of conception prior to Gulick's filing date."

The decision of the Board of Appeals, awarding priority of invention to Gulick, is affirmed.

Affirmed.